IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAYME L. CANTU, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 4:21-cv-820-SDJ-KPJ |
| v. § | |
| § | |
| GEARY COMMUNITY HOSPITAL § | |
| and RICHARD LOCHAMY, MD, § | |
| § | |
| Defendants. | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Geary Community Hospital's ("GCH") Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion") (Dkt. 5). Plaintiff Jayme L. Cantu ("Plaintiff") did not file a response. Having considered the live complaint, the Motion, and applicable authorities, the Court recommends GCH's Motion (Dkt. 5) be **GRANTED**.

### I.   BACKGROUND

Plaintiff, proceeding *pro se*, seeks to recover against GCH and Defendant Richard Lochamy, MD ("Dr. Lochamy") for alleged negligence relating to her mother's death. *See* Dkt. 1. Plaintiff identifies GCH as "a company operating out of Junction City, Geary County, Kansas, [that] can be served at 1102 Saint Mary's Road, Junction City, Kansas 66441." *See id.* at 2. Plaintiff identifies Dr. Lochamy "as a contract physician operating his practice out of Junction City, Geary County, Kansas" and as "a resident of Milford, Geary County, Kansas." *See id.* Plaintiff's claims arise from medical treatment Plaintiff's mother allegedly received from Dr. Lochamy while she was a patient at GCH. *See generally id.*

On October 18, 2017, Plaintiff's mother, Judith C. Hofer ("Ms. Hofer"), executed a Durable Power of Attorney for Health Care Decisions (the "Power of Attorney"), which appointed

1

Plaintiff to be Ms. Hofer's "agent . . . for health care decisions" in the event of Ms. Hofer's incapacitation. *See* Dkt. 1-1. The Power of Attorney, which is included as Attachment A to Plaintiff's Original Complaint, was executed in Junction City, Kansas. *See id.* at 4. Plaintiff alleges on October 16, 2017, a copy of the Power of Attorney was provided to Dr. Lochamy and GCH "to keep on file." *See* Dkt. 1 at 2.

Plaintiff alleges Ms. Hofer "received her annual mammogram" at GCH on or around April 15, 2019, and that Dr. Lochamy told Ms. Hofer "her results were fine." *See id.* According to Plaintiff, however, Ms. Hofer was admitted to GCH on September 3, 2019, and diagnosed with "Stage 3-4 breast cancer." *See id.* Allegedly, during Ms. Hofer's treatment period, Ms. Hofer "repeatedly told nurses at [GCH] and [Dr. Lochamy] that she did not want a Do Not Resuscitate Order (DNR) in place." *See id.* at 3.

Plaintiff alleges that, on October 13, 2019, Ms. Hofer was admitted to GCH. *See id.* The next day, on October 14, 2019, Ms. Hofer allegedly collapsed, was resuscitated, and taken to the intensive care unit within GCH. *See id.* Plaintiff alleges Dr. Lochamy then asked Plaintiff "if he could put a DNR bracelet on [Ms. Hofer]," which Plaintiff allegedly refused. *See id.* at 4. Approximately one hour later, Plaintiff alleges that Ms. Hofer collapsed again. *See id.* Plaintiff alleges Dr. Lochamy instructed a nurse "to get something from the Plaintiff's sister that would let the staff stop resuscitation," and the nurse provided a fax number to an unknown person over the phone. *See id.* Thereafter, Dr. Lochamy allegedly "jumped up from his chair and yelled 'I've got it! Stop resuscitation' as he held the fax in his hand." *See id.* Plaintiff claims efforts to resuscitate Ms. Hofer lasted less than two minutes. *See id.*

Plaintiff filed the Original Complaint on October 14, 2021, asserting that GCH and Dr. Lochamy misdiagnosed Ms. Hofer in April 2019 and then disregarded the Power of Attorney,

2

which Plaintiff alleges resulted in Ms. Hofer's death. *See* Dkt. 1. Summonses were issued the same day, but Plaintiff has not filed a return of service for either Defendant. Dr. Lochamy has not appeared in this action. GCH filed the Motion on November 22, 2021, requesting the Court dismiss Plaintiff's claim against GCH for lack of personal jurisdiction. *See* Dkt. 5. In the Motion, Defendant argues:

> Geary Community Hospital is not a resident of Texas and has never provided services in Texas, never owned property in Texas, never conducted business in Texas, never had any employees or offices in Texas, and has never otherwise purposefully availed itself of the privileges and benefits of Texas law. All the care and treatment at issue in Plaintiff's Complaint occurred in Geary County, Kansas.

*See* Dkt. 5 at 1–2. Plaintiff did not file a response to the Motion.

## II.   ANALYSIS

### A.  Legal Standard

Rule 12(b)(2) permits dismissal of a defendant if the court does not have personal jurisdiction over the defendant. *See* FED. R. CIV. P. 12(b)(2). "The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). In reviewing the Motion, all "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing FED. R. CIV. P. 4(k)(1)(A)). In Texas, jurisdiction exists to the extent allowed by the U.S. Constitution, so the

Court inquires whether jurisdiction, in this case, comports with federal due process requirements. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984)).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a non-resident defendant when the defendant: (1) has "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Id*. (citing *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)).

### B. Minimum Contacts with the Forum State

Minimum contacts may give rise to general jurisdiction or specific jurisdiction, and either is sufficient to establish personal jurisdiction. *See id.*

1. General Jurisdiction

General, or "all-purpose," jurisdiction arises when a defendant's contacts with the forum state are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG*, 571 U.S. at 127 (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. and Placement*, 326 U.S. 310, 318 (1945)). To exercise general jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be so continuous and systematic that the defendant is "essentially at home" in the forum state. *See id.* at 138. General jurisdiction is difficult to establish and "require[es] extensive contacts between a defendant and a forum." *See Johnston*, 523 F.3d at 609 (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)). "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or

frequency of contacts are insufficient to support general jurisdiction," as are allegations of a defendant's "[r]andom, fortuitous, or attenuated contacts" with the forum state. *Id.* at 610 (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007)).

In this case, Plaintiff has not alleged that GCH has any contacts with Texas, let alone the "extensive contacts" required to establish general jurisdiction. *See Johnston*, 523 F.3d at 609. According to Plaintiff, GCH is "a company operating out of Junction City, Geary County, Kansas, and can be served [in] Junction City, Kansas . . . ." *See* Dkt. 1 at 2. The Original Complaint does not contain any factual allegations that address the extent, duration, or frequency of GCH's Texas contacts, if any. *See generally* Dkt. 1. Accordingly, the Court finds Plaintiff has not established general jurisdiction.

2. Specific Jurisdiction

Whether specific jurisdiction exists depends on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)). To establish specific jurisdiction, the plaintiff must show that the defendant's conduct both created a "substantial connection" with the forum state and gave rise to the plaintiff's claims. *Id.* Importantly, only the defendant's contacts with the forum state are relevant. *Id.* at 285 (citing, by way of example, a defendant's presence in the forum state "in person or through an agent, goods, mail, or some other means"). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286.

Here, Plaintiff has failed to allege facts to establish specific jurisdiction. As noted, Plaintiff's factual allegations are silent as to GCH's contacts, if any, with Texas. *See generally* Dkt. 1. And the Original Complaint states that "[a]ll or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Geary County, Kansas." *See id.* at 2. Indeed,

it appears from the Original Complaint that Plaintiff is the only connection between her claim against GCH and Texas. *See* Dkt. 1 at 1 (Plaintiff states she is a resident of Collin County, Texas). However, we know from Supreme Court precedent that a plaintiff's connection to the forum state, however significant, cannot give rise to specific jurisdiction. *See Walden*, 571 U.S. at 284, 286. Plaintiff's allegations fail to show a sufficient connection between Texas, GCH, and Plaintiff's claim against GCH. *See id.* Accordingly, the Court finds Plaintiff has not established specific jurisdiction.

### C. Traditional Notions of Fair Play and Substantial Justice

The Court finds its lacks personal jurisdiction because Plaintiff has failed to show GCH has minimum contacts with Texas, as required. Because minimum contacts are lacking, the Court does not reach whether the exercise of jurisdiction, in this case, would offend traditional notions of fair play and substantial justice. *See Clemens*, 615 F.3d at 378 (personal jurisdiction has two elements: (a) a defendant must have minimum contacts with the forum state; and (b) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice).

### III.   RECOMMENDATION

For the foregoing reasons, the Court finds it does not have personal jurisdiction over GCH. The Court, therefore, recommends the Motion (Dkt. 5) be **GRANTED** and Plaintiff's claim against GCH be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written

objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 25th day of April, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE